Battle, J.
 

 The judgment pronounced in the Court below, upon the case agreed was in our opinion correct. The defendant’s intestate as the sheriff of Duplin county was expressly authorized by the 54th section of the 31st chapter of the Revised Statutes, upon arresting the body of Lewis by virtue
 
 of
 
 the plaintiff’s writ, and upon the default of Lewis to give bail, to imprison him in his, the sheriff’s own county. After this, the sheriff had no power to take bail from his prisoner, and could not therefore become his special bail, as was decided in the case referred to by the defendant’s counsel, of
 
 Montgomery
 
 v.
 
 McAlpin,
 
 1 Ire. Rep., 463. That case it is true,' differs from the one now before us, in the particular mentioned by the plaintiff’s counsel, that there the defendant in the writ was already in prison under a
 
 capias ad satisfaciendum,
 
 at the instance of another person, which was stated in the sheriff’s return. But it will.be seen that the Court, in the opinion delivered, did not advert to that circumstance. They say that a person who has been arrested, and given bail, may, upon being surrendered by his bail, give other bail according to the provisions of the 4th and 5th sections of the 10th chapter of the Revised Statutes ; but if in default of bail on his original arrest, he was committed to jail, he cannot afterwards be permitted by the sheriff to go at large upon bail. In such case, the only mode by which he can be discharged out of custody is to enter bail to the» action in the Court to which the writ is returnable, or by obtaining a rule of such Court for his discharge, as provided in the 54th section of the 31st chapter, above referred to. “ If the sheriff release the prisoner, or permit him to
 
 *239
 
 depart from prison, before such bail is put in as above, or there is a rule of Court to discharge him, the sheriff is guilty of an escape and of course he cannot be held liable as special bail. Whether the discharge of the prisoner by the two magistrates of Duplin county, under the circumstances stated in the case agreed, will be a legal defence for the shertiff in an action for an escape, it would be improper for us to decide, as no such question is now before us. It is sufficient for us to say, that the, proceeding against him as special bail cannot be sustained.
 

 PeR CuRIam. Judgment affirmed.